UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA MARIA BOJORQUEZ VALDEZ, *et al.*,<br><br>              Plaintiffs,<br><br>v.<br><br>MAYA PUBLISHING GROUP LLC,<br><br>              Defendant. | Civil No. 10-cv-733-L(BGS)<br><br>**ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES [DOC. 39]** |

       On April 8, 2010, Defendant removed this defamation action to this Court. On June 30, 2011, Plaintiffs filed a motion to strike Defendant's affirmative defenses. (Doc. 39.) On September 16, 2011, Defendant filed an untimely opposition. (Doc. 43.) In addition to being untimely, the opposition failed to comply with the Civil Local Rules and thus was stricken from the record. (Doc. 46.) On September 19, 2011, Defendant resubmitted the opposition (Doc. 48) with an *ex parte* application for an extension of time to file the opposition late (Doc. 49). But the Court denied the *ex parte* application and struck the resubmitted opposition from the record. (Doc. 53.)

       Civil Local Rule 7.1(f.3.c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of that motion or other ruling by the court." The Ninth Circuit has held that a district court may

properly grant a motion to dismiss for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

Defendant was required to file its opposition by September 12, 2011. However, it filed the opposition late on September 16, 2011, and again on September 19, 2011. Defendant did not request additional time to file its opposition prior to the due date. And the Court denied Defendant's request to file the opposition late after the due date had passed. Moreover, there is no evidence before the Court that Plaintiffs' moving papers failed to reach the mailing address designated in Plaintiff's Proof of Service. Accordingly, the motion currently pending before the Court is unopposed, and relying on Civil Local Rule 7.1(f.3.c), the Court deems Defendant's failure to adequately oppose Plaintiffs' motion as consent to granting it.

In light of the foregoing, the Court **GRANTS** Plaintiffs' motion to strike Defendant's affirmative defenses. (Doc. 39.) Consequently, all of Defendant's affirmative defenses in its answer are stricken.

**IT IS SO ORDERED.**

DATED: October 11, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL